# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARK MARTIN, | : | |
|     Plaintiff, | : | Case No. 3:09cv00208 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| DANIEL DOBSON, | : | |
|     Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. Introduction and Background

Plaintiff Mark Martin, a resident of Covington, Ohio, brings this case pro se against Defendant Daniel Dobson. Plaintiff claims that on three occasions Defendant Dobson knowingly posted false information on the Internet by stating that Plaintiff had been discharged from the United States Marine Corps for failing a urine test for cocaine. Plaintiff claims that such comments were wrongful, harmful, and defamatory.

Attached to Plaintiff's Complaint is a document appearing to be a DD214 form indicating that Mark Martin was "release[d] from initial tour of active training" and indicating that Plaintiff's "character of service" was "honorable." (Doc. #2, DD214 attached). The DD214 also states that the reason for separation of service as "expiration from reserve special enlistmentprogram [sic]...." *Id*.

Defendant Dobson filed an Answer and asserting several Counterclaims against

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff including claims titled "HARASSMENT, DEFAMATION and OUTRAGEOUS CONDUCT," "IDENTITY THEFT – IMPERSONATION OF PLAINTIFF," and "ASSAULT and TERRORISTIC THREATS." (Doc. #6). Defendant Dobson also alleges that Plaintiff is a member of The National Socialist Movement, which has failed to stop Plaintiff from harassing Defendant Dobson. *Id*. He names as Third Party Defendants The National Socialist Movement; "NSM88Records" [sic]; and Jeff Schoep, individually and as "Commander" of The National Socialist Movement. (Doc. #6).

Upon a prior review of the record, it appeared that this Court might not have jurisdiction over this matter. Consequently, the Court ordered Plaintiff to show cause why his Complaint should not be dismissed for lack of jurisdiction and order Defendant Dobson why his Counterclaim/Third Party Complaint should not be dismissed for lack of jurisdiction. (Doc. #8). This case is presently before the Court upon Plaintiff's Reply to the show cause order (Doc. #9) and the record as a whole. Defendant Dobson did not file a response to the show cause order.

**II.    Discussion**

    **A.    Jurisdiction**

**1.**

Plaintiff asserts in his Reply that subject matter jurisdiction exists in this case under 28 U.S.C. §1332 because the parties are not citizens of the same state and because he seeks to recover "compensation ... in the amount of $100,000, for emotional distress, loss of perceived wages from potential future employers and damage to the reputation of the Plaintiff...." (Doc. #9 at 1). However, Plaintiff has not addressed whether this Court has personal jurisdiction over Defendant Dobson.

Plaintiff bears the burden of establishing this Court has personal jurisdiction over Defendant Dobson. *See Neogen Corp. v. Neo Gen Screenwriting, Inc*., 282 F.3d 883, 887 (6th Cir. 2002). The parties have not conducted discovery at this point in the case, and this Court has not held an evidentiary hearing concerning whether it may exercise

2

personal jurisdiction over Defendant Dobson. Consequently, Plaintiff "'need only make a prima facie showing of jurisdiction.'" *Neogen Corp.*, 282 F.3d at 887 (*Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 980 (6th Cir. 1992) (quoting *Compuserve Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). Plaintiff "can meet this burden 'by establishing with reasonable particularity sufficient contacts between [Defendants] and the forum state to support jurisdiction.'" *Neogen Corp.*, 282 F.3d at 887 (quoting in part *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n.*, 819 F.2d 434, 437 (3rd Cir. 1987)). At this early non-hearing stage of the case, the Court construes the Complaint and evidence of record in the light most favorable to Plaintiff. *Neogen Corp.*, 282 F.3d at 887; *see Conti*, 977 F.2d at 980-81. "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff ... alleges collectively fail to state a prima facie case for jurisdiction.'" *Compuserve*, 89 F.3d at 1262 (quoting in part *Conti*, 977 F.2d at 1459).

**2.**

"Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002).

"General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Id*. (quoting in part *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989)(internal quotation marks omitted)).

Plaintiff's Complaint does not allege that Defendant Dobson resides in Ohio, owns property in Ohio, or has any – let alone continuous and systematic – contact with Ohio. Instead, the Complaint provides an address for Defendant Dobson in St. Paul, Minnesota. The Complaint and the attached documents allege that Defendant Dobson committed acts amounting to defamation by knowingly posting false statements about Plaintiff on the

3

Internet chatrooms or websites. In addition, the copies of Defendant Dobson's alleged Internet postings indicate that they occurred in one or more "YAHOO! Group" chatrooms. The Complaint contains no allegation indicating that Defendant Dobson's use of YAHOO! Group chatrooms, which are generally and widely available for use, constituted continuous and systematic conduct in Ohio sufficient to justify the exercise of general jurisdiction. *Cf. Bird*, 289 F.3d at 874 ("the fact that [the plaintiff] maintains a website that is accessible to anyone over the Internet is insufficient to justify general personal jurisdiction."). Neither Plaintiff's Complaint, the documents attached to it, nor his Reply (Doc. #6) indicate the existence of other facts or circumstances that would show Defendant Dobson has continuous and systematic contacts with Ohio sufficient to trigger this Court's general personal jurisdiction over him in this case. *See Bird*, 289 F.3d at 873-74.

"Specific personal jurisdiction exists when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Youn v. Track, Inc.,* 324 F.3d 409, 418 (6th Cir. 2003) (quoting in part *Heliocopteros Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868 (1984)); *see Cadle Co. v. Schlictmann*, 123 Fed.Appx. 675, 677 (6th Cir. 2005)("Specific jurisdiction exists if the defendant's contacts with the forum state relate to the case at hand."). A two-step inquiry applies: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006).

Assuming in Plaintiff's favor that he has satisfied the first step of his inquiry by alleging facts, which if accepted as true, are sufficient to show that Defendant Dobson acted outside Ohio with the purpose of causing him tortious harm inside Ohio, *see* Ohio Rev. Code §2307.382(A)(6), Plaintiff's allegations do not satisfy the second step of the jurisdictional inquiry. "The bedrock principle of personal jurisdiction due process

4

analysis is that when the Defendant is not physically present in the forum, she [or he] must have 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (quoting, in part, *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945))(other citations omitted). To satisfy this bedrock principle, Plaintiff must make three showings:

1. The defendant must have purposefully availed himself of the privilege of acting in Ohio or causing a consequence in Ohio;

2. The cause of action must arise from the defendant's activities in Ohio; and

3. The defendant's acts or the consequences caused by the defendant must have a substantial enough connection with Ohio to make the exercise of jurisdiction over the defendant reasonable.

*Youn*, 324 F.3d at 418 (relying on *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Plaintiff focuses his Complaint on the allegation that Defendant Dobson defamed him in a posting on the Internet by falsely stating that he was dishonorably discharged from the U.S. Marine Corps when he failed a urine test for cocaine. (Doc. #2 at 5). Such misconduct does not show purposeful availment. "The 'operation of an Internet website can constitute purposeful availment of the privilege of acting in a forum state ... if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.'" *Schlichtmann*, 123 Fed. Appx. at 678 (quoting in part *Bird*, 289 F.3d at 874). Similarly, Defendant Dobson's act of posting messages on a generally and widely available – a so-called "passive website" – like YAHOO! Groups does not show that he purposefully availed himself of the privilege of acting in Ohio or causing a consequence in Ohio. *See id*. In addition, although the content of Defendant Dobson's Internet posting concerned Plaintiff, an Ohio resident, it did not concern Plaintiff's activities in Ohio but instead concerned his activities while serving in the U.S. Marine

Corps. Defendant Dobson's Internet posting was therefore insufficient to show purposeful availment. *See Schlichtmann*, 123 Fed. Appx. at 679-80 (citing *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002)(finding that Columbia University's maintenance of a website and internet message board, on which one of its professors posted an article that criticized the Texas plaintiff, was insufficient to confer personal jurisdiction in Texas over the university or the professor, because the "article written by Lidov and Revell contains no reference to Texas, nor does it refer to the Texas activities of Revell, and it was not directed at Texas readers as distinguished from readers in other states"). Consequently, Plaintiff's Complaint fails to show that the exercise of personal jurisdiction over Defendant Dobson in this case comports with the Due Process Clause.

Accordingly, Plaintiff has not made a prima facie of showing of general or specific personal jurisdiction over Defendant Dobson.

### B. Defendant Dobson's Counterclaims and Third Party Claims

Defendant Dobson has not responded to the Court's order to show cause, and he has not served summons on any of the third party defendants. He has not otherwise taken any action in this case since filing his Answer more than five months ago. In this situation, Defendant Dobson's counterclaims and third party claims should be dismissed under its inherent power for failure to comply with an order of the Court, *see Link v. Wabash*, 370 U.S. 626, 630-31 (1962), for failure to prosecute, *see id.*, and for failure to effect service, *see* Fed. R. Civ. P. 4(m).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Mark Martin's Complaint be DISMISSED;

2. Defendant Daniel Dobson's Counterclaims and Third Party Claims be DISMISSED; and

3. The case be terminated on the docket of this Court.


February 5, 2010

                                                              <u>s/Sharon L. Ovington</u>
                                                                 Sharon L. Ovington
                                                          United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).